# Miller v. American Thrift Building and Loan Association

*Meyer E. Maurer*, for plaintiff; *Charles Elkman*, for defendant.

SMITH, P. J., November 28, 1932.—The amended bill in equity in this case particularly avers that the plaintiff about a month or two prior to March 17, 1930, attended a meeting of the J. Frank Building and Loan Association of which he was a member and voted against a merger with another association under the name of the American Thrift Building and Loan Association, and that the merger, nevertheless, on March 17, 1930, was consummated. Prior to this amendment to the bill this court had sustained preliminary objections to the original bill upon the ground of laches, the averments of the original bill showing no active dissent to the merger by the plaintiff, and the fact that the bill in equity was not filed until April 11, 1932, although the merger took place March 17, 1930. The defendant files preliminary objections to the bill as amended.

The law is well settled that a stockholder of a building and loan association cannot be forced against his properly expressed dissent to become a member of a new building and loan association into which his association becomes merged. The merger of one building and loan association with another works a dissolution of the original association. One who dissents from such merger is presumed to have set aside for him, out of the assets of his association taken over, the value of his stock as of the time of the merger, since he has never become a shareholder in the new association and his original association has become dissolved. Upon voting at a meeting of his association called for that purpose, his status became fixed as to his decision on the propriety of the resolution. A majority of his fellow-members, however, voted in the affirmative, so that the original association, with all its records, assets and liabilities, became the property of the defendant association. The latter association also took over the original association with full assumption of the legal rights of the stockholders dissenting from the merger of the old association. Upon making an active dissent by voting in the negative, the plaintiff established more than an equitable right. He has established a property right which must be recognized by the defendant association. The right of a dissenting stockholder in the value of his stock at the time of the merger as a property right may be enforced as such against the new association. This property right he may enforce until barred by the statute of limitations.

The plaintiff as a minority stockholder in a building and loan association cannot prevent a merger of his association with another so long as the merger was properly and legally consummated. There is no averment of fraud or collusion in his bill. This reduces the prayers of the bill to a single one, "(d) That the defendant be ordered and decreed to pay the plaintiff the value of the plaintiff's stock as of the time of the merger." The bill avers that the value of the stock at that time was $690, with interest.

The defendant in its answer raising preliminary objections gives as its first reason that the plaintiff has a full and adequate remedy at law. The cases of Albert M. Greenfield & Co. *v.* Asset-Interest Building and Loan Ass'n, 14 D. & C. 567, and Malamut *v.* Wilson Building and Loan Ass'n, 16 D. & C. 187, do not govern this case. They say that, while the recovery of the value of the plaintiff's stock may have been accomplished by a suit at law, the defendant cannot now press such an objection in view of the fact that it did not obtain the determination of that question in limine in accordance with the provisions of the Act of June 7, 1907, P. L. 440. In this case the defendant specifically raises this objection in its preliminary objections. Thus the question of jurisdiction in equity has been properly raised by it.

The question of fact to be determined on the law side of this court is whether the averment in the bill that the plaintiff actually dissented is supported by proper evidence. If a plaintiff does not dissent from a merger or does not make a demand for the value of his stock prior to or at the time of the merger, he merely has an equitable right which he may lose by his laches.

### Decree

And now, to wit, November 28, 1932, the preliminary objections to the bill in equity are sustained and the case is referred to the law side of the court.